**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ricardo Manuel ALVARADO–
DE HOYOS, Defendant–
Appellant.**

No. 04–41578.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided March 2, 2006.

James Lee Turner, Julia Bowen Stern, Assistant U.S. Attorney, U.S. Attorney's

Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM: *

Ricardo Manuel Alvarado–De Hoyos ("Alvarado") appeals his conviction and sentence for illegal reentry. Alvarado challenges the constitutionality of 8 U.S.C. § 1326(b)(1) & (2) and, additionally, the district court's application of the mandatory Sentencing Guidelines.

Alvarado's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Alvarado contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Alvarado properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Alvarado also contends that the district court erred in sentencing him pursuant to the mandatory Guidelines regime held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 764–65, 160 L.Ed.2d 621 (2005). The Government concedes the error and admits that it cannot carry its burden of establishing beyond a reasonable doubt that the error was harmless. *See United States v. Walters,* 418 F.3d 461, 464 (5th Cir.2005). Thus, Alvarado's sentence is VACATED, and the case is REMANDED for further proceedings. *See id.* at 466.

AFFIRMED IN PART; VACATED AND REMANDED IN PART FOR FURTHER PROCEEDINGS.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.